Debtor    First Mode Holdings, Inc.                                    Case number *(if known)* _____
         Name

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/24

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| **1.  Debtor's Name** | **First Mode Holdings, Inc.** |
| **2.  All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **First Mode**<br><br>**Synchronous** |
| **3.  Debtor's federal Employer Identification Number** (EIN) | 84-3177177 |

4.  Debtor's address

**Principal place of business**

**3417 1st Ave S**
Number        Street

**Seattle        WA        98134**
City        State        Zip Code

**King**
County

**Mailing address, if different from principal place of business**

Number        Street

City        State        Zip Code

**Location of principal assets, if different from principal place of business**

Number        Street

City        State        Zip Code

5.  Debtor's website (URL)        https://firstmode.com/

6.  Type of debtor

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

---

| Debtor | First Mode Holdings, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5419 (Other Professional, Scientific, and Technical Service)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| | District _____ | When _____ MM/DD/YYYY | Case number _____ |
|---|---|---|---|
| | District _____ | When _____ MM/DD/YYYY | Case number _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes

| Debtor | **See Attached Rider** | Relationship _____ |
|---|---|---|
| District | _____ | When: |
| Case number, if known | _____ | MM / DD / YYYY |

Debtor    First Mode Holdings, Inc. _____    Case number *(if known)* _____
      Name

---

**11. Why is the case filed in *this* district?**    *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

_____
Number    Street

_____

_____    _____    _____
City    State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

| **Statistical and administrative information** |
| --- |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors***

*Consolidated for all Debtors.

☐ 1-49                ☐ 1,000-5,000           ☐ 25,001-50,000
☐ 50-99             ☐ 5,001-10,000         ☐ 50,001-100,000
☐ 100-199          ☐ 10,001-25,000       ☐ More than 100,000
☒ 200-999

---

**15. Estimated assets***

*Consolidated for all Debtors.

☐ $0-$50,000                ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000      ☒ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000     ☐ $50,000,001-$100 million   ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million      ☐ $100,000,001-$500 million   ☐ More than $50 billion

---

**16. Estimated liabilities***

*Consolidated for all Debtors.

☐ $0-$50,000                ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000      ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000     ☒ $50,000,001-$100 million   ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million      ☐ $100,000,001-$500 million   ☐ More than $50 billion

---

| Debtor | First Mode Holdings, Inc. | Case number *(if known)* |
|--------|---------------------------|--------------------------|
|        | Name |                                         |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

- I have been authorized to file this petition on behalf of the debtor.

- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **12/15/2024**
               MM/ DD / YYYY

✖ **/s/ Colin Mark Freed**                      **Colin Mark Freed**
Signature of authorized representative of debtor    Printed name

Title    **Chief Financial Officer**

**18. Signature of attorney**

✖ **/s/ Kara Hammond Coyle**           Date    **12/15/2024**
Signature of attorney for debtor                 MM/DD/YYYY

**Kara Hammond Coyle**

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Firm name

**Rodney Square, 1000 North King Street**
Number                Street

**Wilmington**                                  **DE**        **19801**
City                                            State       ZIP Code

**(302) 571-6600**                              **kcoyle@ycst.com**
Contact phone                                   Email address

**No. 4410**                        **DE**
Bar number                          State

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "***Debtors***") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| First Mode Holdings, Inc. | 84-3177177 |
| Synchronous LLC | 82-4351829 |

**First Mode Holdings Inc.**

**December 15, 2024**

I, Will Smith, Company Secretary of First Mode Holdings Inc., a Delaware corporation (the "Company"), do hereby certify the following:

1. I am the duly qualified and appointed Company Secretary of the Company.

2. Attached hereto as **Exhibit A** is a true, correct and complete copy of the resolutions (the "Resolutions") duly adopted by the board of directors of the Company acting pursuant to the Company's bylaws (as amended, restated, modified, supplemented or replaced from time to time, the "Bylaws").

3. The Resolutions are not inconsistent with the Bylaws.

4. The Resolutions have not been amended, modified, repealed or rescinded since adopted, and are in full force and effect on and as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first above written.

By: _____
DocuSigned by:
AC8FCD753BAC462...

Name: Will Smith

Title: Company Secretary

First Mode Holdings Inc. Certificate

## <u>EXHIBIT A</u>

**First Mode Holdings Inc. - Resolutions of the Board of Directors**

[See attached]

**RESOLUTIONS**
**OF THE BOARD OF DIRECTORS OF**
**FIRST MODE HOLDINGS, INC.**

**December 13, 2024**

**WHEREAS**, the board of directors (the "**Board**") of First Mode Holdings, Inc., a Delaware Corporation (the "**Company**") previously established a restructuring committee of the Board (the "**Restructuring Committee**") comprised of disinterested and independent directors to explore, consider, discuss, review, negotiate, progress, manage, evaluate and recommend, as applicable, possible financing, sale, reorganization, recapitalization, strategic restructuring and other similar transactions;

**WHEREAS**, the Restructuring Committee of the Board has reviewed and considered the materials presented by the management and financial and legal advisors of the Company regarding the potential present and future liabilities of the Company, the strategic alternatives available to it, the historical performance of the Company, the assets of the Company, the market for the Company's products and services, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Restructuring Committee has received, reviewed and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Chapter 11 of the United States Bankruptcy Code;

**WHEREAS**, the Restructuring Committee has reviewed and evaluated the proposed Restructuring Support Agreement (substantially in the form attached hereto as **Exhibit A**, the "**RSA**"), by and among the Company, Synchronous LLC ("**Synchronous**"), Anglo American International Holdings Limited, and Anglo American Technical & Sustainability Limited, and the transactions contemplated thereby;

**WHEREAS**, the Restructuring Committee has unanimously determined that it is in the best interests of the Company, its creditors, stakeholders, and other interested parties to enter into the RSA and commence a case (the "**Chapter 11 Case**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and has recommended to the Board the approval of actions necessary to cause the Company to seek relief under the provisions of Chapter 11 of the Bankruptcy Code, including entry into the RSA and consummation of the transactions contemplated thereby (the "**Restructuring Committee Recommendation**");

**WHEREAS**, the Board has reviewed and considered the Restructuring Committee Recommendation and the materials presented by the management and financial and legal advisors of the Company regarding the potential present and future liabilities of the Company, the strategic alternatives available to them, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has reviewed and evaluated the proposed RSA and the transactions contemplated thereby;

**WHEREAS**, Cummins Inc. ("**Cummins**") has provided the Company with an indication of interest with respect to the purchase of the majority of the Company's assets and certain of its subsidiaries' assets (the "**Purchased Assets**") and the assumption of certain liabilities in connection therewith, and Cummins and the Company and certain of its subsidiaries have negotiated an asset purchase agreement (the "**Stalking Horse APA**") to govern the terms of such proposed transaction, subject to higher or better offers for the Purchased Assets;

**WHEREAS**, the Board has been advised by the management and financial and legal advisors of the Company regarding the Stalking Horse APA (together with each of the other certificates, documents, agreements, and schedules contemplated under the Stalking Horse APA, as applicable, the "**Stalking Horse APA Documents**"), and after due consideration, advice, and deliberation, determined that the transactions contemplated by the Stalking Horse APA Documents (the "**Stalking Horse APA Transactions**") are advisable, fair to, and in the best interests of the Company, its creditors, stakeholders, and other interested parties;

**WHEREAS**, the transactions contemplated by the Stalking Horse APA are subject to the Company filing a motion (the "**Sale Motion**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), seeking, among other things, approval of (a) an auction process (the "**Auction**") that will govern the marketing and sale of the Purchased Assets through certain bidding procedures (the "**Bidding Procedures**") to Cummins or another bidder with the highest or otherwise best offer (such bidder, the "**Successful Bidder**") and (b) Cummins as the stalking horse bidder and certain related bid protections;

**WHEREAS**, the Board has determined that it is desirable and in the best interest of the Company, its creditors, stakeholders, and other interested parties that the Company obtain post-petition financing;

**WHEREAS**, the Board has been advised by the Company's management and financial and legal advisors regarding the material terms of the superpriority secured debtor-in-possession credit agreement (the "**DIP Credit Agreement**" and, together with all agreements, documents, and instruments to be delivered or executed in connection therewith, the "**DIP Documents**"), by and among the Company, as borrower, Synchronous, as guarantor, and Anglo American International Holdings Limited, as lender, and after due consideration and deliberation, determined that the debtor-in-possession facility contemplated by the DIP Documents (the "**DIP Facility**") is advisable, fair to, and in the best interests of the Company and its creditors, stakeholders, and other interested parties; and

**WHEREAS**, the Board, on behalf of the Company, has determined that it is in the best interests of the Company, its creditors, stakeholders, and other interested parties to enter into the RSA and commence the Chapter 11 Case under the Bankruptcy Code.

***Approval of Bankruptcy Filing***

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, on behalf of the Company, it is desirable and in the best interests of the Company, its creditors, stakeholders, and other interested parties, that the Company seek relief under the provisions of Chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that each "Authorized Person" (as defined below) shall be, and hereby is, authorized and directed on behalf of the Company to commence a Chapter 11 case by executing, verifying and delivering a voluntary petition in the name of the Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed with the Bankruptcy Court in such form and at such time as the Authorized Person executing said petition shall determine; and it is further

### *Approval of Restructuring Support Agreement*

**RESOLVED**, that the RSA and the agreements and transactions contemplated thereby are in the best interests of the Company, its creditors, stakeholders, and other interested parties, and the Board hereby authorizes and approves the execution and delivery of the RSA by the Company; and it is further

**RESOLVED**, that each other agreement, document and instrument contemplated by the RSA to be executed or delivered by the Company is hereby authorized and approved; and it is further

**RESOLVED**, that each Authorized Person shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to document, execute, and deliver the RSA, as the same may be amended, supplemented, or modified, as such Authorized Persons may consider necessary, proper, or desirable, and in the best interests of the Company and its stakeholders generally, consistent with the intent of these resolutions, the execution thereof by such Authorized Persons to be conclusive evidence of such determination, and to negotiate, document, execute, and deliver such other documents and to take any and all such further action which such Authorized Person determines to be necessary or appropriate in order to effectuate the general intent of the resolutions set forth herein, in each case to the extent such actions, amendments, supplements or modifications are generally consistent with the RSA; and it is further

### *Approval of Stalking Horse APA*

**RESOLVED**, that it is advisable, fair to, and in the best interests of the Company and its creditors, stakeholders, and other interested parties to enter into the applicable Stalking Horse APA Transactions; and it is further

**RESOLVED**, that the form, terms and provisions of the applicable Stalking Horse APA Documents, substantially in the form presented to the Company, are hereby authorized and approved; and it is further

**RESOLVED**, that the Company is authorized to enter into the applicable Stalking Horse APA Documents with Cummins for the sale of the Purchased Assets and the assumption of certain liabilities in connection therewith and to undertake any and all related transactions contemplated thereby, including the Stalking Horse APA Transactions, the Bidding Procedures, and the Auction on the terms contained therein or on such other terms and conditions as any Authorized Person determines to be necessary, appropriate or desirable; and it is further

**RESOLVED**, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute the applicable Stalking Horse

APA Documents and to execute and file the Sale Motion with the Bankruptcy Court; and it is further

**RESOLVED**, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to conduct the Auction as approved by the Bankruptcy Court pursuant to the Sale Motion and Bidding Procedures and to negotiate such agreements, documents, assignments and instruments as may be necessary appropriate or desirable in connection with the sale to Cummins or the Successful Bidder; and it is further

### *Approval of Bidding Procedures*

**RESOLVED**, that in connection with the Chapter 11 Case, the Board has determined it is in the best interests of the Company to approve the Bidding Procedures on terms and conditions substantially similar to those set forth in the form of Bidding Procedures previously provided to the Board (with such changes as may be approved pursuant to the delegation set forth herein) subject to approval by the Bankruptcy Court; and it is further

**RESOLVED**, that the Board hereby delegates to each Authorized Person the authority to approve the form, terms, and provisions of the Bidding Procedures and the execution, delivery, and performance thereof and the consummation of the transactions contemplated thereunder by the Company, including, without limitation, the amount of and the making of any payments to be made in connection therewith; and it is further

**RESOLVED,** that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to continue the marketing for sale of the Company's assets and pursue negotiations with any interested parties regarding one or more sales of such assets pursuant to section 363 of the Bankruptcy Code or otherwise; and it is further

**RESOLVED**, that any Authorized Person of the Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Bidding Procedures together with such other documents, agreements, instruments, notices, and certificates as may be required by the Bidding Procedures; and it is further

**RESOLVED**, that any Authorized Person of the Company, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Bidding Procedures and/or any related documents which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and it is further

### *Approval of Post-Petition Financing*

**RESOLVED**, that in connection with the Chapter 11 Case, it is in the best interest of the Company to engage in, and the Company will obtain benefits from, the DIP Facility to be evidenced by the DIP Documents and the proposed interim and final orders to be entered by the Bankruptcy Court, which authorize the Company to (i) enter into and implement in all respects the

transactions contemplated therein, including the incurrence of obligations under, and granting of liens to secure, the DIP Facility, and (ii) continue to use the Cash Collateral and other collateral under the existing secured credit facility in the ordinary course of business (the "**DIP/Cash Collateral Orders**") in each case subject to approval by the Bankruptcy Court; and it is further

RESOLVED, that the form, terms and provisions of each of the proposed DIP/Cash Collateral Orders and the DIP Documents substantially in the form presented to the Company, including the use of proceeds to provide liquidity for the Company throughout the Chapter 11 Case, substantially on the terms and conditions set forth in the proposed DIP/Cash Collateral Orders and the DIP Documents and the performance by the Company of its obligations thereunder, are hereby authorized and approved; and it is further

RESOLVED, that the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to cause the Company to approve the terms, provisions of and performance of, and to prepare, execute and deliver the DIP Documents to which it is a party and such other documents, agreements, instruments and certificates as may be required by the agent or required by the DIP/Cash Collateral Orders and any other DIP Documents; and it is further

RESOLVED, that the Company is hereby authorized to incur the obligations and to undertake any and all related transactions contemplated under the DIP Documents; and it is further

RESOLVED, that the Authorized Persons be, and each of them acting alone hereby is, authorized to grant security interests in, and liens on, any and all property of the Company as collateral pursuant to the DIP/Cash Collateral Orders and DIP Documents to secure all of the obligations and liabilities of the Company thereunder to the agents and lenders thereunder, and to authorize, execute, verify, file and/or deliver to the agent, on behalf of the Company, all agreements, documents and instruments required by the lenders in connection with the foregoing; and it is further

RESOLVED, that the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Documents, which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable to perform the obligations of the Company under or in connection with the DIP Documents and the transactions contemplated therein and to carry out fully the intent of the resolutions set forth herein; and it is further

RESOLVED, that the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Documents which shall, in such Authorized Person's sole judgment, be necessary, proper or advisable; and it is further

RESOLVED, that in connection with the commencement of the Chapter 11 Case, the Authorized Persons be, and each of them acting alone hereby is, authorized to seek approval from the Bankruptcy Court of the DIP/Cash Collateral Orders, as contemplated by, and agreed to in, the

DIP Documents, and the Authorized Persons be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company, to negotiate, execute, and deliver any and all agreements, instruments, or documents necessary to implement the DIP/Cash Collateral Orders and the DIP Documents, as well as any additional or further agreements for the use of Cash Collateral in connection with the Chapter 11 Case, which agreement(s) may require the Company to grant liens to its existing lenders, and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

### *Retention of Advisors*

**RESOLVED**, that to the extent not already authorized by prior resolution, each Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to employ and retain the law firms of Latham & Watkins LLP and Young Conaway Stargatt & Taylor, LLP to act as attorneys, PJT Partners, Inc. to act as investment banker, M3 Partners, LP to act as financial advisor for the Company, and Omni Agent Solutions, Inc. to act as claims, noticing, soliciting, and balloting agent, in connection with the Chapter 11 Case.

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms (together with the foregoing identified firms, the "**Professionals**") as may be deemed necessary or appropriate by the Authorized Person to assist the Company in carrying out its responsibilities in the Chapter 11 Case.

### *General Authority and Ratification*

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Person shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the resolutions set forth herein; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any officer of the Company or any of the Professionals in connection with each of the Chapter 11 Case or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds; and it is further

**RESOLVED**, that any and all actions, whether previously or subsequently taken by any Authorized Person or any other person authorized to act by an Authorized Person, that are consistent with the intent and purpose of the resolutions set forth herein or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved and confirmed; and it is further

**RESOLVED**, that for the purposes of these resolutions, the term "**Authorized Person**" shall mean and include those individuals with the following titles: (1) Chief Executive Officer, (2) Chief Financial Officer, (3) Head of Legal, and (4) Chief People Officer.

\*     \*     \*

## **EXHIBIT A**

Restructuring Support Agreement

[Intentionally Omitted]

Fill in this information to identify the case:

Debtor name:  FIRST MODE HOLDINGS, INC., _et al._

United States Bankruptcy Court for the: District of Delaware

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders     12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ABB Inc. | 8440 Times Dispatch Blvd. Mechanicsville, VA 23116 <br><br> PO Box 88868 Chicago, IL, 60695-1868, United States | Peter Basslex Kelly Kling 804-789-5985 866-330-2461 us-tractionsupport@abb.com / us.sasacctrec@us.abb.com | Trade | | | | $3,489,271.41 |
| 2 | Ballard Power Systems Inc. | 9000 Glenlyon Parkway Burnaby, BC, V5J 5J8, Canada | Norman Dacanay 604-454-0900 bpsreceivables@ballard.com | Trade | | | | $2,553,000.00 |
| 3 | Reedo LP c/o KG Investment Properties, LLC formerly Kidder Matthews | 5th floor - 1508 West Broadway Vancouver BC Canada, 98124 | c/o Attorney Michael Courtnage Attorney Matthew D. Green, and Elizabeth Hebener Norwood 425-450-1550, 206-447-1625 nicolatean@kgip.com | Trade | Disputed | | | $910,471.32 |
| 4 | Nyobolt Limited | Unit 2, Evolution Business Park Milton Road, Impington Cambridge, England, Cb24 9Ng United Kingdom | Sai Shivareddy +44 1223 928254 sai.shivareddy@nyobolt.com | Trade | | | | $279,031.01 |
| 5 | LinkedIn Corporation | 1000 W. Maude Avenue Sunnyvale, CA, 94085 | Katie Lock 855-655-5653 ar-receipts@linkedin.com | Trade | | | | $178,317.82 |
| 6 | DSV Air & Sea, Inc | 200 Wood Ave S, Suite 300 Iselin, New Jersey, 08830 | Carvalho Yane 732-850-8000 yane.carvalho@us.dsv.com | Trade | | | | $150,194.43 |
| 7 | Greene IS | 4742 42nd Ave SW PMB 420 Seattle, WA, 98116 | Benjamin Greene 206-639-2900 ap@greeneis.com | Trade | | | | $134,211.74 |
| 8 | CryoWorks, Inc. | 1801 W. Olympic Blvd. Pasadena CA 91199 <br><br> 3309 Grapevine Street, Jurupa Valley, CA, 91752 | Matthew Miller 951-360-0920 lcotten@cryoworks.net / bevans@cryoworks.net | Trade | | | | $97,498.66 |
| 9 | Prime Electric Inc. | 13301 SE 26th Street Bellevue, WA, 98005 | Kasandra Garmong 425-747-5200 pmw-ach@primee.com / kasandra.garmong@primeelectric.com | Trade | | | | $95,488.83 |
| 10 | Miles and Sons Inc. | PO Box 745 Napavine, WA, 98565 | Vicky Miles 360-508-6804 vicky.miles@milesandsons.com | Trade | | | | $81,367.44 |
| 11 | BrightLoop Converters | 221 Boulevard Davout Paris, 75020, France | Florent Liffran Pj Liardou Hugues Largeron +33 619 016 909 florent.liffran@brightloop.fr / pj.liardou@brightloop.fr / hugues.largeron@brightloop.fr | Trade | | | | $81,139.35 |
| 12 | ABW Technologies, Inc. | 6720 191st PL NE Arlington, WA, 98223 | Betty Hanley 360-618-4400 bhanley@abwtec.com | Trade | | | | $64,150.59 |
| 13 | Workday, Inc. | 6110 Stoneridge Mall Road Pleasanton, CA, 94588 | Kevin Israel 925-951-9000 accounts.receivable@workday.com / kevin.israel@workday.com | Trade | | | | $62,882.94 |
| 14 | Northwest Technologies, Inc. | PO Box 1304 Estacada, OR, 97203 | Eric Sale 503-630-2030 ar@nw-technologies.com | Trade | | | | $60,047.71 |
| 15 | LAZ Parking Northwest, LLC | One Financial Plaza, 14th Floor Hartford, CT, 06103 | Erica Robertson 860-522-7641 erobertson@lazparking.com | Trade | | | | $50,000.13 |
| 16 | Miro | 201 Spear Street Suite 1100 San Francisco, CA, 94105 | Andrey Khusid 415-300-0533 billing_requests@miro.com | Trade | | | | $48,300.00 |
| 17 | Rockwell Automation, Inc. formerly Plex Systems, Inc. | PO Box 3712 Carol Stream, IL, 60132-3712 | Theresa Wright 248-391-8001 plex.invoicing@rockwellautomation.com / invoicing@plex.com | Trade | | | | $48,273.43 |
| 18 | Hydac Pty Ltd | 109-111 Dohertys Road Altona North, VIC, 3025, Australia | Mark Keen +61 3 9272 8900 hydac-accounting@hydac.com.au / info@hydac.com.au | Trade | | | | $44,306.77 |
| 19 | Mercer (US) Inc. | 1166 Avenue of the Americas New York, NY, 10036 | Pam Koerber 502-561-4743 pam.koerber@mercer.com / surveys@mercer.com | Trade | | | | $41,145.10 |

| | Name of creditor | Complete mailing address, and employee, agents, or department familiar with claim | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | BrandSafway Services, LLC | PO Box 91473 Chicago, IL, 60693 | Shane Davis 360-575-9366 cashapplication@beis.com | Trade | | | | $39,101.35 |
| 21 | White River Fabrication, LLC | 2321 Cole St, Suite 101 Enumclaw, WA, 98022 | Kevin Boyles 360-829-6325 accounting@whiteriverfabrication.com | Trade | | | | $24,276.00 |
| 22 | Performance Mechanical Group | 1012 Central Ave South Kent, WA, 98032 | Kenny Miller 425-251-0356 info@pmghvac.com | Trade | | | | $22,231.77 |
| 23 | Knorr-Bremse Australia Pty Ltd | 23-29 Factory Street, Granville, NSW 2142, Australia | Isaias Leon +612 8863 6529 isaias.leon@knorr-bremse.com | Trade | | | | $22,071.62 |
| 24 | Smartsheet Inc. | 10500 NE 8th Street, Suite 1300 Bellevue, WA 98004 | Mark Mader 425-326-3995 remittanceadvice@smartsheet.com | Trade | | | | $18,693.29 |
| 25 | The Financial Times Limited | Bracken House, 1 Friday Street, London, United Kingdom, EC4M 9BT United Kingdom | Stephanie Joy Otico 917-551-5149 stephaniejoy.otico@ft.com | Trade | | | | $18,648.43 |
| 26 | Fortra, LLC | 11095 Viking Dr, Suite 100 Eden Prairie, MN 55344 | Kate Bolseth 952-933-0609 info@fortra.com | Trade | | | | $18,600.00 |
| 27 | Armanino LLP | 12657 Alcosta Blvd., Suite 500 Los Angeles, CA, 90088 | Cyndi Garcia 310-745-5882 accountsreceivable@armaninollp.com / cyndi.garcia@armaninollp.com | Professional Services | | | | $17,850.00 |
| 28 | New Eagle, LLC | 5220 South State Road Ann Arbor, MI, 48108 | Jon Peitz 734-929-4557 jpeitz@neweagle.net / accounting@neweagle.net | Trade | | | | $17,020.68 |
| 29 | Air Radiators | 45 Heales Rd, PO Box 243 Lara Victoria, 3212, Australia | Don Cormack +613 5275 6644 accounts@airrads.com | Trade | | | | $16,823.97 |
| 30 | Affiliated Engineers, Inc. | 5802 Research Park Blvd. Madison, WI, 53719 | Jason Atkisson 608-231-2020 ap@facfin.com | Trade | | | | $16,782.75 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST MODE HOLDINGS, INC., | Case No. 24-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

| Equity Interest Holder | Approximate Percentage of Equity Interests Held |
|---|---|
| Anglo American Technical & Sustainability Ltd | 81.4% |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| FIRST MODE HOLDINGS, INC., | Case No. 24-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the above-captioned debtor and debtor in possession (the "**Debtor**") respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

☐    There are no equity security holders or corporations that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

☒    The following are the Debtor's equity security holders (list holders of each class, showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder):

| Name and Last Known Address of Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| **SEE ATTACHED LIST**[1] | | |

---

[1]    Certain information in the attached list has been redacted to ensure compliance with international privacy protection regulations, consistent with the relief the Debtor is seeking in the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (B) File a Consolidated List of the Debtors' Thirty Largest Creditors, and (C) Redact Certain Personal Identification Information, and (II) Granting Related Relief*, filed contemporaneously herewith.

First Mode Holdings, Inc. Common Stock

| Name | Shares Held | Percentage of Interests Held |
|------|-------------|------------------------------|
| Aaron Ison<br>Address on File | 15,750 | 0.028% |
| Aaron Mathers<br>Address on File | 1,312 | 0.002% |
| Adam Knez<br>Address on File | 30,000 | 0.054% |
| Name on File<br>Address on File | 8,999 | 0.016% |
| Alexis Humann<br>Address on File | 4,222 | 0.008% |
| Amber Baurley<br>Address on File | 38,150 | 0.068% |
| Amy Altchuler<br>Address on File | 1,421 | 0.003% |
| Amy Chi<br>Address on File | 1,237 | 0.002% |
| Amylie Plante-Poirier<br>Address on File | 550 | 0.001% |
| Anderson Diaz-Colon<br>Address on File | 1,750 | 0.003% |
| Name on File<br>Address on File | 1,750 | 0.003% |
| Name on File<br>Address on File | 875 | 0.002% |
| Anglo American Technical & Sustainability Limited<br>17 Charterhouse Street<br>London, EC1N 6RA United Kingdom<br>Attn: Company Secretary | 45,606,719 | 81.439% |
| Anthony Maimone<br>Address on File | 1,093 | 0.002% |
| Arthur Lim<br>Address on File | 984 | 0.002% |
| Barron Knigge<br>Address on File | 6,000 | 0.011% |
| Ben Chinowsky<br>Address on File | 1,093 | 0.002% |
| Braden Lapp<br>Address on File | 11,166 | 0.020% |

First Mode Holdings, Inc. Common Stock

| Name | Shares Held | Percentage of Interests Held |
|---|---|---|
| Brandon Smith Address on File | 4,332 | 0.008% |
| Brett Konen Address on File | 550 | 0.001% |
| Brian Geddes Address on File | 905,227 | 1.616% |
| Brian Hoehn Address on File | 1,818 | 0.003% |
| Briana Ruth Address on File | 6,018 | 0.011% |
| Brock Prince Address on File | 10,078 | 0.018% |
| Name on File Address on File | 1,312 | 0.002% |
| Charles Liedblad Address on File | 4,875 | 0.009% |
| Chris Voorhees Address on File | 1,204,263 | 2.150% |
| Christiana Wu Address on File | 875 | 0.002% |
| Christine Liao Address on File | 15,846 | 0.028% |
| Christopher Konzen Address on File | 3,250 | 0.006% |
| Name on File Address on File | 4,775 | 0.009% |
| Clara Sekowski Address on File | 36,550 | 0.065% |
| Clinton Travis Address on File | 1,750 | 0.003% |
| Name on File Address on File | 1,146 | 0.002% |
| Colin Bateson Address on File | 395,402 | 0.706% |
| Colleen Rubart Address on File | 17,872 | 0.032% |
| Darcienne LeRoue Address on File | 2,133 | 0.004% |
| Name on File Address on File | 1,925 | 0.003% |

First Mode Holdings, Inc. Common Stock

| Name | Shares Held | Percentage of Interests Held |
|---|---|---|
| Name on File<br>Address on File | 1,750 | 0.003% |
| David Bares<br>Address on File | 2,137 | 0.004% |
| David Gerhardt<br>Address on File | 96,750 | 0.173% |
| David Pinkins<br>Address on File | 1,203 | 0.002% |
| Name on File<br>Address on File | 2,491 | 0.004% |
| Name on File<br>Address on File | 2,249 | 0.004% |
| Eduardo Archilla<br>Address on File | 984 | 0.002% |
| Edwin Park<br>Address on File | 858 | 0.002% |
| Elizabeth Frank<br>Address on File | 53,750 | 0.096% |
| Name on File<br>Address on File | 4,718 | 0.008% |
| Eric Bramlett<br>Address on File | 1,093 | 0.002% |
| Eric Chin<br>Address on File | 4,875 | 0.009% |
| Name on File<br>Address on File | 4,598 | 0.008% |
| Fiona Flaks<br>Address on File | 2,250 | 0.004% |
| Francois Coetsee<br>Address on File | 1,750 | 0.003% |
| Name on File<br>Address on File | 5,062 | 0.009% |
| Garritt Chrzanowski<br>Address on File | 1,421 | 0.003% |
| Gerald Kavalieratos<br>Address on File | 625 | 0.001% |
| Name on File<br>Address on File | 3,483 | 0.006% |
| Name on File<br>Address on File | 1,750 | 0.003% |

First Mode Holdings, Inc. Common Stock

| Name | Shares Held | Percentage of Interests Held |
|---|---|---|
| Harlan Kuo<br>Address on File | 875 | 0.002% |
| Holly Stein<br>Address on File | 875 | 0.002% |
| James Wilferling<br>Address on File | 1,149 | 0.002% |
| Name on File<br>Address on File | 103,813 | 0.185% |
| Jared Rugg<br>Address on File | 3,200 | 0.006% |
| Jason Hawley<br>Address on File | 3,200 | 0.006% |
| Jason Liang<br>Address on File | 1,312 | 0.002% |
| Jeffrey Peterson<br>Address on File | 470 | 0.001% |
| Jesse Llona<br>Address on File | 5,204 | 0.009% |
| Jessica Gray<br>Address on File | 750 | 0.001% |
| Name on File<br>Address on File | 1,562 | 0.003% |
| Joel Amundson<br>Address on File | 3,311 | 0.006% |
| John Conor Duggan<br>Address on File | 7,500 | 0.013% |
| John David Wolflick<br>Address on File | 1,750 | 0.003% |
| Joshua Karch<br>Address on File | 8,734 | 0.016% |
| Joshua Korsness<br>Address on File | 2,200 | 0.004% |
| Joshua Sweere<br>Address on File | 947,282 | 1.692% |
| Joshua Weiss<br>Address on File | 431,299 | 0.770% |
| Justine Sultan<br>Address on File | 27,375 | 0.049% |
| Karen MacKenzie<br>Address on File | 1,434 | 0.003% |

First Mode Holdings, Inc. Common Stock

| Name | Shares Held | Percentage of Interests Held |
|---|---|---|
| Katarina Wolcott<br>Address on File | 40,312 | 0.072% |
| Kathleen Hoza<br>Address on File | 26,473 | 0.047% |
| Kayla Rajsky<br>Address on File | 5,375 | 0.010% |
| Keely Ditto<br>Address on File | 671 | 0.001% |
| Keontrae LuBom<br>Address on File | 1,421 | 0.003% |
| Name on File<br>Address on File | 2,813 | 0.005% |
| Kian Raissian<br>Address on File | 1,787 | 0.003% |
| Kris Toguchi<br>Address on File | 1,312 | 0.002% |
| Krunal Desai<br>Address on File | 945,413 | 1.688% |
| Kurt Fischer<br>Address on File | 8,625 | 0.015% |
| Name on File<br>Address on File | 1,750 | 0.003% |
| Larissa Kunz<br>Address on File | 8,588 | 0.015% |
| Laura Espling<br>Address on File | 44,234 | 0.079% |
| Lauren Zepeda<br>Address on File | 437 | 0.001% |
| Leilani Click<br>Address on File | 1,262 | 0.002% |
| Name on File<br>Address on File | 2,475 | 0.004% |
| Lindsey Yeates<br>Address on File | 30,260 | 0.054% |
| Lucia Blackwell<br>Address on File | 24,818 | 0.044% |
| Name on File<br>Address on File | 1,093 | 0.002% |
| Mallory Lefland<br>Address on File | 5,039 | 0.009% |

First Mode Holdings, Inc. Common Stock

| Name | Shares Held | Percentage of Interests Held |
|---|---|---|
| Marc Allen<br>Address on File | 32,500 | 0.058% |
| Margaret Gardner<br>Address on File | 7,500 | 0.013% |
| Margaret Scholtz<br>Address on File | 676,664 | 1.208% |
| Marie Pahlmeyer<br>Address on File | 2,687 | 0.005% |
| Marla Smithwick<br>Address on File | 4,312 | 0.008% |
| Mathew McDonald<br>Address on File | 1,750 | 0.003% |
| Matthew Long<br>Address on File | 875 | 0.002% |
| Name on File<br>Address on File | 4,094 | 0.007% |
| Name on File<br>Address on File | 1,421 | 0.003% |
| Michael Fitzgerald<br>Address on File | 13,750 | 0.025% |
| Name on File<br>Address on File | 1,750 | 0.003% |
| Miranda Peterson<br>Address on File | 4,233 | 0.008% |
| Mitchell Young<br>Address on File | 1,093 | 0.002% |
| Molly Flynn<br>Address on File | 1,750 | 0.003% |
| Name on File<br>Address on File | 2,625 | 0.005% |
| Name on File<br>Address on File | 2,675 | 0.005% |
| Name on File<br>Address on File | 2,062 | 0.004% |
| Nel Rajakaruna<br>Address on File | 3,888 | 0.007% |
| Nicholas Miller<br>Address on File | 14,062 | 0.025% |
| Nick Heacox<br>Address on File | 1,750 | 0.003% |

First Mode Holdings, Inc. Common Stock

| Name | Shares Held | Percentage of Interests Held |
| --- | ---: | ---: |
| Nicola Karp<br>Address on File | 1,160 | 0.002% |
| Niraj Suresh<br>Address on File | 1,093 | 0.002% |
| Paige Northway<br>Address on File | 10,079 | 0.018% |
| Patricia Diaz<br>Address on File | 8,734 | 0.016% |
| Paul McGinty<br>Address on File | 20,625 | 0.037% |
| Paul Sturmer<br>Address on File | 5,530 | 0.010% |
| Name on File<br>Address on File | 5,900 | 0.011% |
| Peter Illsley<br>Address on File | 944,808 | 1.687% |
| Phillip Morrison<br>Address on File | 2,500 | 0.004% |
| Name on File<br>Address on File | 1,093 | 0.002% |
| Rachid El Mourabit<br>Address on File | 500 | 0.001% |
| Rhae Adams<br>Address on File | 1,500,000 | 2.679% |
| Name on File<br>Address on File | 2,062 | 0.004% |
| Name on File<br>Address on File | 2,832 | 0.005% |
| Riley Chapin<br>Address on File | 595,325 | 1.063% |
| Robert McMullen<br>Address on File | 13,436 | 0.024% |
| Rocky Eastman<br>Address on File | 1,950 | 0.003% |
| Ruri Redis<br>Address on File | 656 | 0.001% |
| Russell Higgins<br>Address on File | 6,500 | 0.012% |
| Ryan Shappell<br>Address on File | 2,200 | 0.004% |

First Mode Holdings, Inc. Common Stock

| Name | Shares Held | Percentage of Interests Held |
|---|---|---|
| Ryan Timoney<br>Address on File | 765 | 0.001% |
| Samuel Daniel<br>Address on File | 28,286 | 0.051% |
| Sarah Balles<br>Address on File | 37,625 | 0.067% |
| Sarah Haynes<br>Address on File | 2,012 | 0.004% |
| Sasha Friedrich<br>Address on File | 7,500 | 0.013% |
| Name on File<br>Address on File | 4,608 | 0.008% |
| Name on File<br>Address on File | 1,312 | 0.002% |
| Shannon Cassady<br>Address on File | 1,307 | 0.002% |
| Name on File<br>Address on File | 6,000 | 0.011% |
| Sonali Merrill<br>Address on File | 875 | 0.002% |
| Sophia Kim<br>Address on File | 2,200 | 0.004% |
| Spencer Anunsen<br>Address on File | 607,411 | 1.085% |
| Spencer Berglund<br>Address on File | 15,351 | 0.027% |
| Stacey Burke<br>Address on File | 437 | 0.001% |
| Stepanie Cynkar<br>Address on File | 2,275 | 0.004% |
| Sunny Brunelle<br>Address on File | 1,750 | 0.003% |
| Terence Tufuor Lartey<br>Address on File | 1,679 | 0.003% |
| Tevon Hodge<br>Address on File | 1,299 | 0.002% |
| Tomas Lafferriere<br>Address on File | 16,445 | 0.029% |
| Trevor Owen<br>Address on File | 9,000 | 0.016% |

First Mode Holdings, Inc. Common Stock

| Name | Shares Held | Percentage of Interests Held |
|---|---|---|
| Tristan Helms<br>Address on File | 65,521 | 0.117% |
| Troy Swanson<br>Address on File | 7,968 | 0.014% |
| Tyler Wingfield<br>Address on File | 1,093 | 0.002% |
| William Huntington<br>Address on File | 10,000 | 0.018% |
| Zachary Rader<br>Address on File | 5,818 | 0.010% |
| **Grand Total** | **56,001,279** | |

Fill in this information to identify the case and this filing:

Debtor Name  First Mode Holdings, Inc.

United States Bankruptcy Court for the:  DISTRICT OF DELAWARE

Case number (If known): _____ (State)

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets-Real and Personal Property *(Official Form 206A/B)*
- ☐ Schedule D: Creditors Who Have Claims Secured by Property *(Official Form 206D)*
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims *(Official Form 206E/F)*
- ☐ Schedule G: Executory Contracts and Unexpired Leases *(Official Form 206G)*
- ☐ Schedule H: Codebtors *(Official Form 206H)*
- ☐ Summary of Assets and Liabilities for Non-Individuals *(Official Form 206Sum)*
- ☐ Amended Schedule ____
- ☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☒ Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

☒ */s/ Colin Mark Freed*

12/15/2024
MM/ DD/YYYY

Signature of individual signing on behalf of debtor

**Colin Mark Freed**
Printed name

**Chief Financial Officer**
Position or relationship to debtor