**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| FIRST MODE HOLDINGS, INC., *et al.*,[1] | : | Case No. 24-12794 (KBO) |
| | : | |
|   Debtors. | : | (Jointly Administered) |
| | : | |
| | | Hearing Date:  February 6, 2025 at 9:30a.m. ET |
| | | Obj. Deadline: January 28, 2025 at 4:00 p.m. ET |

---

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LATHAM & WATKINS LLP AS BANKRUPTCY CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") respectfully request entry of an order authorizing the Debtors to employ and retain Latham & Watkins LLP ("**L&W**") effective as of the Petition Date (as defined below).  In support of this application (the "**Application**"), the Debtors rely on and incorporate by reference: (a) the *Declaration of Colin Mark Freed in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 15] (the "**First Day Declaration**"), filed on December 16, 2024, (b) the declaration of Caroline A. Reckler, a partner of L&W, which is attached hereto as Exhibit B (the "**Latham Declaration**"), and (c) the declaration of Neal Goldman, Chairman of the Board, which is attached hereto as Exhibit C (the "**Retention Declaration**").  In further support of this Application, the Debtors respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: First Mode Holdings, Inc. (7177), and Synchronous LLC (1829).  The Debtors' mailing address is 3417 1st Ave S, Seattle, WA, 98134.

32753470.1

US-DOCS\156333661

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order or judgment by the Court in connection with this Application if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are section 327(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 2014-1 and 2016-1.

**BACKGROUND**

3. On December 15, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions in this Court commencing cases for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Cases**"). The Debtors continue to manage and operate their business as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On January 9, 2025, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") appointed an official committee of unsecured creditors [Docket No. 111] (the "**Committee**").

4. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration.

5. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

## RELIEF REQUESTED

6. The Debtors seek entry of an order (the "**Order**"), substantially in the form attached hereto as Exhibit A, authorizing the employment and retention of L&W as co-counsel for the Debtors, effective as of the Petition Date, in accordance with the terms and conditions of that certain engagement letter dated as of January 30, 2023 (as amended on August 23, 2024, the "**Engagement Letter**"), a copy of which is attached as Exhibit 1 to the Latham Declaration.

## L&W'S QUALIFICATIONS

7. The Debtors seek to retain L&W because of L&W's recognized expertise and extensive experience and knowledge practicing before bankruptcy courts in large and complex chapter 11 cases and because of L&W's knowledge of the Debtors' business and financial affairs.

8. L&W and its partners have represented numerous debtors in their bankruptcy matters, including 2U, Inc., Allen Systems Group, Inc., Alta Mesa Resources, Inc., Audacy, Inc., Barretts Minerals, Inc., Chaparral Energy, Inc., Dayton Superior Corporation, DNIB Unwind, Inc. (f/k/a BIND Therapeutics, Inc.), Emerge Energy Services LP, Enduro Resource Partners LLC, Global Eagle Entertainment Inc., GNC Holdings, Inc., Hexion Holdings LLC, Hi-Crush Inc., Illinois Power Generating Company, Imerys Talc America, Inc., JOANN Inc., Libbey Glass Inc., Lincoln Power, L.L.C., Lonestar Resources US Inc., Lucky Brand Dungarees, LLC, Lumileds Holding B.V., Mallinckrodt plc, MLCJR LLC, Monitronics International, Inc., Nine Point Energy Holdings, Inc., Pacific Drilling S.A., Paddock Enterprises, LLC, Panda Temple Power, LLC, Rentech WP U.S. Inc., Robertshaw US Holding Corp., Sable Permian Resources, LLC, Sienna Biopharmaceuticals, Inc., Starry Group Holdings, Inc., Stone Energy Corporation, Sundance

Energy Inc., Superior Energy Services, Inc., Virgin Orbit Holdings, Inc., Vital Pharmaceuticals, Inc., and Weatherford International plc.

9. Moreover, since mid-2024, the Debtors and L&W have worked together closely in an effort to respond to the Debtors' financial circumstances, including by engaging in negotiations with the Debtors' major creditors and potential strategic partners concerning the Debtors' restructuring options and by assisting the Debtors in all aspects of preparing the Chapter 11 Cases. In addition, L&W has advised the Debtors on certain matters since January 2023. As a result, L&W possesses an in-depth knowledge of the Debtors' business affairs and capital structure and has gained insight into many of the legal issues that might arise in the context of the Chapter 11 Cases. Accordingly, the Debtors believe that L&W is both well-qualified and uniquely able to represent them in the Chapter 11 Cases and that such representation is critical to the Debtors' efforts to maximize value for their estates.

## SERVICES TO BE PROVIDED

10. The Debtors desire to employ L&W because of, among other reasons, the nature of the legal services that will be required in connection with the Chapter 11 Cases. To engage alternative counsel at this stage of the Debtors' cases would be tremendously disruptive and would derail the possibility of the Debtors' sale and liquidating plan process on the accelerated timeline currently contemplated.

11. Consistent with the Engagement Letter, the Debtors expect L&W to provide the following legal services:

   a. advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

   b. advise and consult on the conduct of the Chapter 11 Cases, including all of the legal and administrative requirements of operating in chapter 11;

    c.    advise the Debtors and take all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in negotiations concerning litigation in which the Debtors are involved;

    d.    analyze proofs of claim filed against the Debtors and object to such claims as necessary;

    e.    represent the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

    f.    attend meetings and negotiate with representatives of creditors, interest holders, and other parties in interest;

    g.    analyze executory contracts and unexpired leases and potential assumptions, assignments, or rejections of such contracts and leases;

    h.    prepare pleadings in connection with the Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

    i.    advise the Debtors in connection with any potential sale of assets;

    j.    take necessary action on behalf of the Debtors to obtain approval of a disclosure statement and confirmation of a chapter 11 plan;

    k.    appear before this Court or any appellate courts to protect the interests of the Debtors' estates before those courts;

    l.    advise on corporate, litigation, environmental, finance, tax, employee benefits, and other legal matters; and

    m.    perform all other necessary legal services for the Debtors in connection with the Chapter 11 Cases.

12.    Concurrently with the filing of this Application, the Debtors will file an application to retain Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**") as their bankruptcy co-counsel and conflicts counsel. Because L&W and Young Conaway will have well-defined and distinct roles, each counsel will not duplicate the services the other provides to the Debtors. L&W will coordinate with Young Conaway and any other counsel the Debtors retain in the Chapter 11 Cases to ensure that the legal services each firm provides to the Debtors are not duplicative.

32753470.1

13. The Debtors also have filed or intend to file applications to employ in the Chapter 11 Cases, among others, (a) M3 Partners, LP, as financial advisor; (b) PJT Partners, LP, as investment banker; and (c) Omni Agent Solutions, Inc., as claims and noticing agent and as administrative advisor in the Chapter 11 Cases. L&W has advised the Debtors that it intends to monitor carefully the efforts of these other retained professionals and coordinate with such professionals to delineate clearly their respective duties in order to prevent duplication of effort, whenever possible. The efficient coordination of the efforts of the Debtors' attorneys and other professionals will greatly add to the effective administration of the Chapter 11 Cases.

## **PROFESSIONAL COMPENSATION**

14. L&W operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. L&W's hourly rates are designed to compensate L&W fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.

15. L&W's current hourly rates are set forth in the Latham Declaration. Hourly rates vary with the experience and seniority of the individuals assigned and are subject to periodic adjustments to reflect economic and other conditions.[2] Except as may otherwise be set forth in the Latham Declaration, L&W did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement, and none of the professionals included in this engagement will vary his or her rate based on the geographic location of the Chapter 11 Cases.

---

[2] L&W typically increases the hourly billing rate of attorneys and paraprofessionals in the form of (a) step increases historically awarded in the ordinary course of business on the basis of advancing seniority and promotion and (b) periodic increases within each attorney's and paraprofessional's current level of seniority. The step increases do not constitute "rate increases" (as the term is used in the U.S. Trustee Guidelines (as defined below)). L&W will provide notice to the Debtors, the U.S. Trustee, and any official committee before implementing any periodic increases, and will file any such notice with the Court.

32753470.1

16. Other than the periodic adjustments described above and as set forth in the Latham Declaration, L&W's hourly rates and the financial terms of the engagement proposed herein are consistent with the rates and terms of L&W's prepetition engagement. As described in the Retention Declaration, the Restructuring Committee,[3] on behalf of the Debtors, has reviewed and approved L&W's standard rate structure and determined that it is appropriate and comparable to (a) the rates that L&W charges for non-bankruptcy representations or (b) the rates of other comparably skilled professionals.

17. Consistent with the Engagement Letter and L&W's policy with respect to its other clients, L&W will continue to charge the Debtors for all services provided and for other charges and disbursements incurred in the rendition of services. It is L&W's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also L&W's policy to charge its clients only the amount actually incurred by L&W in connection with such items.

18. During the Chapter 11 Cases, L&W will apply to the Court for allowance of compensation for professional services rendered and reimbursement of expenses incurred in the Chapter 11 Cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in the Chapter 11 Cases governing professional compensation and reimbursement for services rendered and charges and

---

[3] On August 20, 2024, the Debtors appointed three independent directors nominated by Anglo American (as defined in the First Day Declaration), Neal Goldman, Jill Frizzley, and Carol Flaton (together, the "**Independent Directors**"), to the board of directors of First Mode Holdings, Inc. (the "**Board**"). The Board then formed a restructuring committee comprised of the Independent Directors (the "**Restructuring Committee**"), which was charged with negotiating and recommending a potential transaction and overseeing aspects of the Chapter 11 Cases.

disbursements incurred. Such applications will constitute a request for interim payment against L&W's reasonable fees and expenses to be determined at the conclusion of the Chapter 11 Cases.

19.     L&W has provided the Restructuring Committee, on behalf of the Debtors, with a prospective budget and staffing plan setting forth the types of timekeepers, numbers thereof, and applicable hourly rates it expects during the Chapter 11 Cases, which has been approved by the Restructuring Committee, on behalf of the Debtors, to comply with *Appendix B – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective as of November 1, 2013, issued by the Executive Office of the United States Trustee (the "**U.S. Trustee Guidelines**"). During the pendency of the Chapter 11 Cases, subsequent prospective budgets and staffing plans may be submitted to the Debtors for approval as necessary or appropriate, and L&W will attach such budgets and staffing plans to its fee applications in the Chapter 11 Cases.

## COMPENSATION RECEIVED BY L&W FROM THE DEBTORS

20.     As of the Petition Date, the Debtors did not owe L&W any amounts for legal services rendered before the Petition Date, and L&W is not a creditor of the Debtors.

21.     As set forth in the Latham Declaration, during the 90-day period prior to the Petition Date, L&W received advances in the aggregate amount of $4,752,097.40 for services to be performed and expenses to be incurred, including in preparation for the commencement of the Chapter 11 Cases.

22.     In September 2024, prior to the Petition Date, L&W received a retainer from the Debtors, which has been treated as an evergreen retainer between the Debtors and L&W since the Debtors' amended Engagement Letter, dated August 23, 2024. As of the Petition Date, L&W has a remaining credit balance in favor of the Debtors in the amount of $217,923.32 (the "**Fee**

**Advance**"). L&W intends to apply the Fee Advance to any outstanding amounts relating to the period prior to the Petition Date that were not processed through L&W's system as of the Petition Date.

23. L&W requests that the Fee Advance be treated as an evergreen retainer and be held by L&W as security throughout the Chapter 11 Cases until L&W's fees and expenses are awarded and payable to L&W on a final basis. The Debtors submit that an evergreen retainer is appropriate for several reasons. First, these types of retainer agreements reflect normal business terms in the marketplace. Second, both L&W and the Debtors are sophisticated business entities that have negotiated the retainer at arm's length. Third, the retention of L&W is in the best interests of the Debtors' estates, as the applicable retention agreement and retainer allow the Debtors to maintain their prepetition relationship established with L&W.

## L&W'S DISINTERESTEDNESS

24. To the best of the Debtors' knowledge, and except as otherwise disclosed in the Latham Declaration, the partners, counsel, and associates of L&W (a) do not have any connection with any of the Debtors, their affiliates, their creditors, any other party in interest, the United States Trustee for the District of Delaware (the "**U.S. Trustee**") or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the District of Delaware or any person employed in the offices of the same; (b) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Debtors' estates. The Debtors

will utilize Young Conaway or retain separate conflicts counsel, as necessary, if neither L&W nor Young Conaway is available for a particular matter.[4]

25. As disclosed in the Latham Declaration, L&W has in the past represented, currently represents, and likely in the future will represent, certain parties in interest in the Chapter 11 Cases. Except as set forth in the Latham Declaration, all such representations are or were in connection with matters wholly unrelated to the Debtors and the Chapter 11 Cases. Pursuant to section 327(c) of the Bankruptcy Code, L&W is not disqualified from acting as the Debtors' counsel merely because it has represented or currently represents certain parties in interest in matters unrelated to the Chapter 11 Cases.

26. The Debtors understand that L&W will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in the Chapter 11 Cases and will promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a) to disclose any material developments regarding the Debtors or any other pertinent relationships that come to L&W's attention.

## BASIS FOR RELIEF

27. The Debtors seek retention and employment of L&W as their counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and

---

[4] In the event the Debtors seek to employ and retain separate conflicts counsel in connection with the Chapter 11 Cases to handle matters that the Debtors may encounter that cannot be handled appropriately by L&W or Young Conaway because of a conflict of interest, then the Debtors intend that the services of such conflicts counsel shall complement, and not duplicate, the services to be rendered by L&W and Young Conaway. Moreover, the responsibilities of such conflicts counsel shall be confined to discrete legal matters that are distinct from the matters handled by L&W or Young Conaway. Conflicts counsel shall act on its own and will not act under the direct supervision of L&W. Indeed, the Debtors are extremely mindful of the need to avoid duplication of services and appropriate procedures will be implemented to ensure that there is no such duplication.

32753470.1

10

> that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

28. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

29. The Debtors submit that for all the reasons stated above and in the Latham Declaration and the Retention Declaration, the retention and employment of L&W is necessary and in the best interest of the Debtors, their estates, and their creditors and should be approved. Further, as stated in the Latham Declaration, L&W is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Latham Declaration.

**NOTICE**

30. Notice of the Motion will be given to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney's Office for the District of Delaware; (c) the United States Department of Justice; (d) the attorneys general for the states in which the Debtors conduct business; (e) the Internal Revenue Service; (f) the Official Committee of Unsecured Creditors; (g) counsel to the DIP Lender, the Prepetition Facility Lender, and the

Consenting Parent; (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors believe that no further notice is required.

31. A copy of this Application is available on (a) the Court's website, at www.deb.uscourts.gov, and (b) the website maintained by the Debtors' Claims and Noticing Agent, Omni Agent Solutions, Inc., at https://omniagentsolutions.com/FirstMode.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested in this Application and such other and further relief as the Court may deem just and proper.

Dated: January 14, 2025
Bedford, New York

*/s/ Neal Goldman*
Name: Neal Goldman
Title: Chairman of the Board, Independent Director