**Exhibit A**

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x
In re:                                                     :   Chapter 11
                                                           :
FIRST MODE HOLDINGS, INC., *et al.*,[1]                    :   Case No. 24-12794 (KBO)
                                                           :
   Debtors.                                  :   (Jointly Administered)
                                                           :
                                                           :
---------------------------------------------------------- x   Re: D.I. [ ● ]

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF LATHAM & WATKINS LLP AS BANKRUPTCY CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "**Application**")[2] of the Debtors for entry of an order authorizing the Debtors to employ and retain Latham & Watkins LLP ("**L&W**") as their bankruptcy co-counsel effective as of the Petition Date; and the Court having reviewed the Application, the Latham Declaration, and the Retention Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied, based on the representations made in the Application and the Latham Declaration that L&W is "disinterested" as such term is defined in section 101(14) of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: First Mode Holdings, Inc. (7177), and Synchronous LLC (1829). The Debtors' mailing address is 3417 1st Ave S, Seattle, WA, 98134.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

32753470.1

Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that L&W does not hold or represent an interest adverse to the Debtors' estates; and any objections to the Application having been resolved or overruled; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein and upon all of the proceedings had before this Court; and after due deliberation thereon; and the Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is granted to the extent set forth herein.

2. Pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, the Debtors, as debtors in possession, are authorized to employ and retain L&W as their bankruptcy co-counsel effective as of the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter.

3. L&W is authorized to provide the Debtors with the professional services described in the Application and the Engagement Letter.

4. L&W shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5.  L&W shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines.

6.  L&W is authorized without further order of the Court to apply amounts from the Fee Advance to compensate and reimburse L&W for fees or expenses incurred prior to the Petition Date consistent with its ordinary course billing practice. The remainder of the Fee Advance shall be treated as an evergreen retainer and be held by L&W as security throughout the Chapter 11 Cases until L&W's fees and expenses are awarded and payable to L&W on a final basis. L&W shall apply any Fee Advance remaining at the time of its final fee application in satisfaction of compensation and reimbursement awarded with respect to such application, and promptly return to the Debtors' estates any Fee Advance remaining after such application, unless otherwise agreed by the Debtors and L&W.

7.  Notice of the Application as provided therein is adequate under Bankruptcy Rule 6004(a).

8.  Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

9.  The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.