IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FIRST MODE HOLDINGS, INC., *et al.*,[1] | ) Case No. 24-12794 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Related to Docket Nos. 83, 116, 233, 234, 236 |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE MOTION OF DEBTORS FOR ENTRY OF AN ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE, AND OTHER DATES; (III) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN AND FOR FILING OBJECTIONS TO THE PLAN; (IV) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS; AND (V) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of First Mode Holdings, Inc. and its affiliated debtor and debtor in possession (together, the "Debtors"), by and through its undersigned counsel, hereby objects (this "Objection") to the *Motion of Debtors for Entry of an Order (I) Approving the Disclosure Statement; (II) Establishing the Voting Record Date, Voting Deadline, and Other Dates; (III) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan and for Filing Objections to the Plan; (IV) Approving the Manner and Forms of Notice and Other Related Documents; and (V) Granting Related Relief* [Docket No. 116] (the "Solicitation Procedures Motion"), which seeks approval of the *Disclosure Statement for Joint Chapter 11 Plan of First Mode Holdings, Inc. and Its Debtor Affiliate Under Chapter 11 of the Bankruptcy Code* [Docket No. 83] (as subsequently modified, the "Disclosure Statement") as

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: First Mode Holdings, Inc. (7177), and Synchronous LLC (1829). The Debtors' mailing address is 3417 1st Ave. S, Seattle, WA, 98134.

containing adequate information concerning the *Joint Chapter 11 Plan of First Mode Holdings, Inc. and Its Debtor Affiliate Under Chapter 11 of the Bankruptcy Code* (as subsequently modified, the "Plan").[2]

## BACKGROUND

1. On December 15, 2024 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On December 22, 2024, the Debtors filed the initial versions of the Disclosure Statement and Plan.

3. On January 9, 2025, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 111] (the "Committee") in the Chapter 11 Cases. No trustee or examiner has been requested or appointed in the Chapter 11 Cases.

4. On January 9, 2025, the Debtors filed the Solicitation Procedures Motion.

5. On February 3, 2024, the Committee filed a reservation of rights [Docket No. 229] (the "Reservation") with respect to the Solicitation Procedures Motion.

6. On February 4, 2025, the Debtors filed a revised proposed order [Docket No. 236] (the "Proposed Solicitation Procedures Order") granting the relief sought in the Solicitation Procedures Motion along with exhibits thereto, including the Class 4 Ballot and the Supplemental Opt-In Form.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Disclosure Statement or the Plan, as applicable.

**OBJECTION**

7. As noted in the Committee's Reservation, these cases present unique issues because the Plan proposes to pay holders of General Unsecured Claims in full,[3] so long as those creditors provide releases to the Plan funder. Because this is a "full pay" plan, it is imperative that the solicitation process be designed to minimize the chances that an unsecured creditor is inadvertently disenfranchised because the Debtors have a bad mailing address, the creditor makes a technical error on its ballot (*e.g.*, failing to sign the ballot), or the creditor currently is not entitled to vote (*e.g.*, contract counterparties with contracts that have not yet been rejected).

8. As initially filed, the Committee had significant concerns regarding the Debtors' Disclosure Statement and Solicitation Procedures Motion.[4] The Committee has worked constructively with the Debtors, their debtor-in-possession lenders, and the U.S. Trustee since that time to narrow the Committee's concerns. Although the parties have made significant headway, as of the filing of this Objection the Committee still has unresolved issues regarding the final forms of these documents. The Committee's primary remaining concerns are as follows:[5]

- Holders of General Unsecured Claims should be deemed to grant the Third-Party Release if they either (i) vote in favor of the Plan or (ii) later submit the Supplement Opt-In Release Form (Exhibit 6 to the Solicitation Procedures Order). There should be no requirement that unsecured creditors vote in favor of the Plan *and* also opt in to the Third-Party Release to grant the release.

---

[3] The Debtors assert that Participating GUC Holders in Class 4 will receive a 100% recovery on account of their claims. *See* Disclosure Statement, Article I(B)(1), page 5.

[4] The Committee also has concerns regarding the Plan, but is hopeful that those concerns will be resolved prior to the hearing regarding confirmation of the Plan. If not, the Committee will raise those issues with the Court at the appropriate time.

[5] Attached hereto as **Exhibit A** is a redline reflecting all of the Committee's requested revisions to the Proposed Solicitation Procedures Order, including those described below. The Committee's concerns regarding the Disclosure Statement will be addressed to the extent that the Debtors implement the Committee's requested revisions to the Proposed Solicitation Procedures Order, and make conforming changes to the Disclosure Statement.

- The Ballot for holders of General Unsecured Claims (*i.e.*, the only voting parties) should be streamlined so that holders have a simple choice: vote for or against the Plan. Those voting in favor of the Plan should be deemed to give the Third-Party Release, without the need for any additional affirmative act such as separately opting in to the release; and there should be no option to opt out of the release.

- Voting parties should not be required to write in the amount of their claim in Item 1 of the Ballot. Instead, that field should be pre-populated by the Notice and Claims Agent to reflect the amount in a filed proof of claim or, if no claim has been filed, in the Debtors' schedules. The objective should be to make the process as simple as possible for voting parties, rather than adding additional unnecessary steps to the process.

9. The Committee believes that its requested revisions are consistent with applicable case law and with the Court's rulings in other cases regarding what constitutes "consent" for purposes of a consensual third-party release.[6] The Committee submits that a vote in favor of the plan evidences consent for the Third-Party Release, especially given the robust disclosure in the Ballot and other materials that will be received by voting parties.

10. The Committee believes that keeping the Ballots as simple as possible—and not including unnecessary voting options[7]—will maximize the chances that unsecured creditors vote in favor of the Plan and receive their promised full distribution. In cases like these, where a vote in favor of the Plan means the difference between a *full* recovery and *no* recovery, it is critical

---

[6] The Committee notes that the U.S. Supreme Court's decision in *Harrington v. Purdue Pharma L.P.*, did not affect the Court's ability to grant *non-consensual* third-party releases in the context a chapter 11 plan providing for payment in full. *See* 603 U.S. 204, 226 (2024). The Committee advocated for treatment of the Third-Party Release in these cases as non-consensual so that all holders of General Unsecured Claims would be deemed to give the Third-Party Release, and therefore automatically would be "Participating GUC Holders" entitled to payment in full under the Plan. Unfortunately, the Committee was unable to persuade the Debtors and their debtor-in-possession lenders that this was a path forward worth pursuing—so the Committee is left with doing its best to prevent the disenfranchisement of its constituents through substantial modifications to the Solicitation Procedures Order as filed.

[7] The Ballot attached to the Proposed Solicitation Procedures Order includes a voting option to "**Accept** Plan and do not opt in to the Third-Party Releases (and receive **no** distribution)." It makes no sense for an unsecured creditor to vote in favor of the Plan but withhold the release, because in doing so the creditor would be giving up its full recovery under the Plan. At least in the Committee's view, the Ballot should not include options that are no more than a trap for an unsophisticated creditor (or one that simply is confused by the process).

that the parties do everything possible to ensure that unsecured creditors understand the choice at hand and don't inadvertently make the wrong decision because they are confused by the process.

11. The Committee will continue to work with the Debtors and other case constituents in advance of the hearing on the Solicitation Procedures Motion to further narrow the issues to be decided by the Court.

## CONCLUSION

For the foregoing reasons, The Committee respectfully requests that, unless the Committee's proposed revisions to the Proposed Solicitation Procedures Order (and conforming revisions to the Disclosure Statement) are implemented, the Court deny the Solicitation Procedures Motion.

Dated: Wilmington, Delaware
February 5, 2025

**MCDERMOTT WILL & EMERY LLP**

*/s/ David R. Hurst*
David R. Hurst (I.D. No. 3743)
Andrew A. Mark (I.D. No. 6861)
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, Delaware 19801
(302) 485-3900
dhurst@mwe.com
amark@mwe.com

- and -

Kristin K. Going
Darren Azman
One Vanderbilt Avenue
New York, New York 10017
(212) 547-5400
kgoing@mwe.com
dazman@mwe.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*