# Exhibit B

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
FIRST MODE HOLDINGS, INC., *et al.*,[1]                      :   Case No. 24-12794 (KBO)
                                                             :
          Debtors.                                           :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x   Re: D.I. ——116

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE, AND OTHER DATES; (III) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON THE PLAN AND FOR FILING OBJECTIONS TO THE PLAN; (IV) APPROVING THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS; AND (V) GRANTING RELATED RELIEF

Upon the motion (the "**Motion**")[2] of the Debtors pursuant to sections 105, 363, 1125, and 1126 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, and 3020, and Local Rule 3017-1 for entry of an order (i) approving the Disclosure Statement; (ii) establishing the Voting Record Date, Voting Deadline, Confirmation Objection Deadline, and other dates; (iii) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; (iv) approving the manner and forms of notice and other related documents in connection with confirmation of the Plan; and (v) granting related relief; and this Court having reviewed the Motion and the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: First Mode Holdings, Inc. (7177), and Synchronous LLC (1829). The Debtors' address is 3417 1st Ave S, Seattle, WA 98134.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion, or the Disclosure Statement, as applicable.

US-DOCS\157189592.4

| Event | Date/Deadline | Description |
|---|---|---|
| Rule 3018(a) Motion Deadline | February 21, 2025, at 4:00 P.M. (Prevailing Eastern Time) | Deadline for the filing motions pursuant to Bankruptcy Rule 3018(a) |
| Deadline to Publish Notice of Confirmation Hearing | Within five (5) business days after entry of the Disclosure Statement Order (or as soon as practicable thereafter) | Date by which the Debtors will publish the Publication Notice (as defined below) |
| Plan Supplement Filing Date | March 5, 2025 | Date by which the Debtors will file the Plan Supplement |
| Objection Deadline for Confirmation Hearing | March 14, 2025, at 4:00 P.M. (Prevailing Eastern Time) | Deadline for filing objections to the confirmation of the Plan |
| Voting Deadline | March 14, 2025, at 4:00 P.M. (Prevailing Eastern Time) | Deadline to submit Ballots voting to accept or reject the Plan |
| Confirmation Reply Deadline | March 21, 2025, at 4:00 P.M. (Prevailing Eastern Time) | Deadline by which replies to any Confirmation objections must be filed |
| Voting Report Filing Date | March 21, 2025, at 4:00 P.M. (Prevailing Eastern Time) | Date by which the Debtors will file the Voting Report |
| Confirmation Order Filing Date | March 21, 2025, at 4:00 P.M. (Prevailing Eastern Time) | Date by which the Debtors will file the proposed Confirmation Order |
| Confirmation Hearing | March 26, 2025, at 9:30 A.M. (Prevailing Eastern Time) | Hearing to consider confirmation of the Plan |

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT**:

1. The Motion is GRANTED, as set forth herein.

**I. Approval of the Disclosure Statement**

2. Pursuant to Bankruptcy Rule 3017(b), the Disclosure Statement [Docket No. [⬤] 234] is approved as containing adequate information within the meaning of section 1125(a) of the Bankruptcy Code, and the Debtors are authorized to distribute the Disclosure Statement and Solicitation Package in order to solicit votes on, and pursue confirmation of, the Plan.

4

but on or before the General Bar Date, to which no objections are interposed, shall be entitled to vote and will receive Solicitation Packages as soon as practicable after the General Bar Date.

9. Holders of Claims that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their claim, unless such claim is temporarily allowed by this Court for voting purposes pursuant to Bankruptcy Rule 3018(a).

## IV. Approval of Solicitation Procedures

### A. Duties of Notice and Claims Agent

10. The Notice and Claims Agent shall assist the Debtors in, among other things, (i) mailing Confirmation Hearing Notices and Notices of Non-Voting Status to Holders of Claims and Interests in Non-Voting Classes and other non-voting parties entitled to notice; (ii) mailing the Contract/Lease Notices to counterparties to the Debtors' Executory Contracts and Unexpired Leases; (iii) mailing Solicitation Packages to Holders of Claims in the Voting Class; (iv) soliciting votes on the Plan; (v) receiving, tabulating, and reporting on Ballots cast for or against the Plan by Holders of Claims against the Debtors; (vi) in the case of Ballots from any member of the Voting Class containing any apparent error, mistake, omission, or which otherwise appear to contain a material defect, using reasonable efforts to contact such member of the Voting Class to inform them of such error; (vii) mailing the Supplemental Opt-In Release Forms (x) to any member of the Voting Class that did not cast a Ballot for or against the Plan ~~and~~**or cast a Ballot for the Plan but** did not opt-in to the Third Party Releases contained in the Plan by checking the appropriate box on the Ballot or (y) as otherwise requested by the Debtors or other parties; (viii) responding to inquiries from creditors and stakeholders relating to the Plan, the Disclosure Statement, the Ballots, the **Opt-In Release Form, the** Supplemental Opt-In Release Form, and matters related thereto, including, without limitation, the procedures and requirements for voting to accept or reject the Plan and objecting to the Plan; (ix) ~~with respect~~

7

~~to (ii) through (iv) of this paragraph,~~ using reasonable efforts to correct any error in mailing addresses with respect to any member of the Voting Class for whom (a) materials are returned marked as "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired," or any similar reason, (b) materials otherwise come back as undeliverable (including via email), or (c) it is otherwise communicated to the Notice and Claims Agent that such materials did not reach the intended recipient; (x) as soon as reasonably practicable, informing counsel to the Committee of any member of the Voting Class for whom (a) materials are returned marked as "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired," or any similar reason, (b) materials otherwise come back as undeliverable (including via email), or (c) it is otherwise communicated to the Notice and Claims Agent that such materials did not reach the intended recipient; and (xi) if necessary, contacting creditors regarding the Plan and their Ballots.

11.     The Notice and Claims Agent is also authorized to accept Ballots via electronic online transmission solely through a customized online balloting portal on the Debtors' case website. The Notice and Claims Agent will not count or consider for any purpose in determining whether the Plan has been accepted or rejected any Ballot transmitted by telecopy, facsimile, e-mail, or other electronic means not using the Notice and Claims Agent's online balloting portal, provided that the Notice and Claims Agent shall use reasonable efforts to attempt to notify, as soon as reasonably practicable, any members of the Voting Class submitting an electronic Ballot improperly of the steps necessary to properly submit such Ballot. The encrypted ballot data and audit trail created by electronic submission through the Notice and Claims Agent's online balloting portal shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

8

**B.     Notices and Ballots**

12. The Notices and Ballot to be used in connection with the solicitation of votes on, and confirmation of, the Plan (as applicable) are hereby approved in full; *provided*, *however*, that the outside of the envelope containing such Notices and Ballot shall include cautionary language alerting the recipient that prompt action is required in order to receive a distribution in accordance with the terms of Plan**; *provided further, however,* that the Notice and Claims Agent shall prepopulate the claim amount and Debtor in Item 1 of the Ballots before they are sent to members of the Voting Class**.

13. The Notices attached to this Order are hereby approved in full.

14. The Opt-In Release Form and the Supplemental Opt-In Release Form are hereby approved in full.

15. The Debtors shall cause Solicitation Packages and Ballots to be transmitted to all Holders of Claims in Class 4.

16. Classes 1 and 2 are Unimpaired and, thus, the Holders of such Unimpaired Claims are conclusively presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code, and the Debtors are not required to solicit their vote with respect to such Unimpaired Claims. Class 3 is Unimpaired and the Debtors are not required to solicit their vote so long as the Restructuring Support Agreement remains in full force and effect and is not terminated. If the Restructuring Support Agreement is terminated, Class 3 shall be Impaired and the Debtors are required to solicit their vote.

17. Class 7 is Impaired and will receive no recovery under the Plan, and the Holders of such Interests are conclusively deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code, and the Debtors are not required to solicit their vote with respect to such Interests.

21. A copy of the Confirmation Hearing Notice shall be distributed, together with the Notice of Non-Voting Status, to Holders, as of the Voting Record Date, of General Administrative Claims, Professional Fee Claims, and Priority Tax Claims, which are unclassified Claims under the Plan.

C. **Content and General Transmittal of Solicitation Packages; Notice of Confirmation Hearing**

22. The Debtors are authorized to transmit, or cause to be transmitted, on or before February 10, 2025 (or as soon as reasonably practicable thereafter) (the "**Solicitation Mailing Date**"), by United States mail, first-class postage prepaid, personal service, or overnight delivery, a solicitation package (the "**Solicitation Package**") containing a printed version, or for all parties other than those in the Voting Class, other electronic means (such as a flash drive), of the following:

   i. the Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 5;

   ii. the Disclosure Statement;

   iii. the Plan (which may be furnished as Exhibit A to the Disclosure Statement);

   iv. this Disclosure Statement Order (without exhibits attached);

   v. a cover letter from the Debtors explaining the solicitation process and urging Holders of Claims in the Voting Class to vote to accept the Plan;

   vi. to the extent applicable, a Ballot, appropriate for the specific holder, in substantially the form attached to this Order (as may be modified for particular classes and with instructions attached thereto); and

   vii. in the Debtors' ~~sole~~**reasonable** discretion, the letter from the Committee advising holders of Claims in the Voting Class of the Committee's position with respect to the Plan (the "**Committee Letter**").

23. To avoid duplication and reduce expenses, the Debtors shall make every reasonable effort to ensure that any holder of a Claim who has filed duplicative Claims (whether against the same or multiple Debtors) that are classified under the Plan in the same Class will

11

      vii.    if any Ballot cast in an amount in excess of the allowed amount of the relevant Claim will only be counted to the extent of such allowed Claim;

      viii.    Ballots shall be tabulated as if the Debtors' estates had been substantively consolidated; that is, Ballots shall not be tabulated on a Debtor-by-Debtor basis; and

      ix.    For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single Holder in a particular Class will be aggregated and treated as if such Holder held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided, however*, that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such Holder held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

25.    The Debtors shall file the Plan Supplement with this Court on or before March 5, 2025, which filing is without prejudice to the Debtors' rights to amend or supplement the Plan Supplement.

26.    The Debtors shall publish the Publication Notice on or prior to five (5) business days after entry of this Order, or as soon as reasonably possible thereafter, once in each of *USA Today* or a similar nationally circulated news publication and the *Financial Times* or a similar publication circulated in the United Kingdom.

27.    Publication of the Publication Notice as described herein shall constitute sufficient notice of the Confirmation Hearing to ~~persons who do not otherwise receive notice by mail as provided for in this Order~~**unknown creditors**.

13

V.    **Voting Deadline and Procedures for Vote Tabulation**

28.    Ballots for accepting or rejecting the Plan, as well as all Opt-In Release Forms, must be received by the Notice and Claims Agent on or before 4:00 P.M. (prevailing Eastern time) on March 14, 2025 (the "**Voting Deadline**") to be counted, *provided*, *however*, that Holders of Claims or Interests may return **an Opt-In Release Form or** a Supplemental Opt-In Release Form so as to be received by the Notice and Claims Agent no later than ninety (90) days following the Effective Date of the Plan.

29.    Any timely received Ballot that contains sufficient information to permit the identification of the claimant and is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.

30.    The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

  i.  any Ballot received after the Voting Deadline unless the Debtors, after consultation with the Committee and the DIP Lender, the Prepetition Facility Lender, and the Consenting Parent, shall have granted an extension of the Voting Deadline in writing with respect to such Ballot or an extension has been granted by an order of this Court;

  ii. any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

  iii. any Ballot cast by a person or entity that does not hold a Claim in the Voting Class;

  iv. any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

  v.  any Ballot submitted by telecopy, facsimile, e-mail, or other electronic means not using the Notice and Claims Agent's online balloting portal;

14

36. Any Class that does not have a Holder of an allowed Claim entitled to vote on the Plan or a Claim temporarily allowed by this Court for voting purposes as of the date of the Confirmation Hearing shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such class pursuant to section 1129(a)(8) of the Bankruptcy Code.

37. If a Class contains Claims eligible to vote and no Holders of Claims eligible to vote in such class vote to accept or reject the Plan, the Plan shall be deemed accepted by the Holders of Claims in such class.

38. Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors, in consultation with the Committee and the DIP Lender, the Prepetition Facility Lender, and the Consenting Parent, or this Court determines. Neither the Debtors nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, *provided* that the Debtors shall use reasonable efforts to ~~contatet~~**contact** members of the Voting Class as provided herein, nor shall any of the Debtors or other persons or entities incur any liabilities for failure to provide such notification. Unless otherwise directed by this Court, delivery of Ballots that are defective or irregular shall not be deemed to have been made until such defects or irregularities have been cured or waived. Ballots previously furnished (and as to which any defects or irregularities have not theretofore been cured or waived) shall not be counted, provided that such failure to cure, or lack of waiver, shall not prejudice the rights of any member of the Voting Class to submit a Supplemental Opt-In Release Form and thereby become a Participating GUC Holder in accordance with the terms of the Plan.

16

39. The Debtors, in their discretion, may waive any defect in any Ballot at any time, either before or after the close of voting and without notice; *provided*, *however*, that any such waiver shall be documented in summary fashion in the voting results filed with this Court.

40. The Debtors shall retain the absolute right to reject any and all Ballots not proper in form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules or this Disclosure Statement Order; *provided*, *however*, that such rejections shall be documented in summary fashion in the voting results filed with this Court. The Debtors and/or the Notice and Claims Agent shall, as soon as reasonably practicable, advise counsel to the Committee of any Ballot that is rejected prior to the Voting Deadline.

41. After the Voting Deadline, any Holder of a Claim who had delivered a valid Ballot voting on the Plan may withdraw or change such vote solely in accordance with Bankruptcy Rule 3018(a).

42. The following shall be documented in summary fashion in the voting results filed with this Court (the "**Voting Report**"): (i) all Solicitation Packages which (a) were returned by the United States Postal Service marked "undeliverable as addressed," "moved – left no forwarding address," "forwarding order expired," or any similar reason or (b) otherwise came back undeliverable (including via email); and (ii) all Ballots **(a)** which the Debtors ~~(a)~~ rejected as invalid, (b) **with respect to which the Debtors** waived an irregularity or defect, ~~or~~ (c) with respect to which any irregularity or defect was cured**, (d) in which a creditor voted to accept the Plan but did not opt in to the Third Party Releases, and (e) in which a creditor voted to reject the Plan and not opt in to the Third Party Releases**. The Debtors will file the Voting Report with the Court by March 21, 2025, at 4:00 P.M. (Prevailing Eastern Time).

17

47. The Debtors are not required to send Solicitation Packages, individual solicitation materials or other notices to (i) any creditor who filed a Proof of Claim if the amount asserted in such Proof of Claim is less than or equal to the amount that has already been paid, (ii) any creditor on account of a clearly duplicative Claim, or (iii) the Holder of a Claim that has been disallowed in full by order of this Court.

48. With respect to addresses from which one or more prior notices served in these Chapter 11 Cases were returned as undeliverable or from which mailings made pursuant to this Order are returned as undeliverable, the Debtors are excused from distributing Confirmation Hearing Notices and Solicitation Packages, as applicable, to those entities listed at such addresses if the Debtors are not provided with an accurate address or forwarding address for such entities before the Solicitation Mailing Date, provided that the Debtors (i) shall use reasonable efforts to obtain an accurate address or forwarding address with respect to any members of the Voting Class and (ii) will promptly remit a Confirmation Hearing Notice and Solicitation Package (as applicable) if they are provided with a current address for the affected creditors following the Solicitation Mailing Date; provided, further that no later than twenty-one (21) days before the Voting Deadline, the Debtors and/or the Notice and Claims Agent shall provide counsel to the Committee with a list of all Holders of General Unsecured Claims for which one or more notices served in the Chapter 11 Cases were returned as undeliverable. Failure to thereafter attempt to re-deliver Confirmation Hearing Notices and Solicitation Packages, as applicable, to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline or a violation of Bankruptcy Rule 3017(d).

49. After consultation with the Committee, the Debtors are authorized to make non-material changes to the Disclosure Statement, the Plan, the Ballot, the Confirmation Hearing Notice, the Notice of Non-Voting Status, the **Opt-In Release Form, the** Supplemental Opt-In

19

Release Form, the Contract/Lease Notice, and related documents and any other materials in the Solicitation Package without further order of this Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, the Ballot, the Confirmation Hearing Notice, the Notice of Non-Voting Status, the **Opt-In Release Form, the** Supplemental Opt-In Release Form, the Contract/Lease Notice, and related documents and any other materials in the Solicitation Package prior to their distribution and publication, as applicable.

50. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (i) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (ii) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (iii) a promise or requirement to pay any particular claim; (iv) an implication or admission that any particular claim is of a type specified or defined in the Motion; (v) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (vi) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (vii) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

51. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

52. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

53. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.